801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Simon R. MOUER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-2070.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 22, 1986.
Decided Sept. 16, 1986.
 
 Simon R. Mouer, appellant pro se.
 Nash W. Schott, Office of the United States Attorney, for appellee.
 E.D.Va.
 AFFIRMED.
 PER CURIAM:
 
 
 1
 Appellant Simon Mouer seeks to misconstrue agency law for the limited purpose of computing his taxable income. The district judge declined his request, and for the reasons summarized here, we affirm the district court's summary judgment.
 
 
 2
 Mouer claims that he overpaid his individual income taxes for tax year 1979 and bases this claim on 26 U.S.C. Sec. 911, as in effect in that tax year. Section 911 provides an exemption from taxation of certain foreign-earned income; this exemption is limited, among other ways, to income not "paid by the United States."
 
 
 3
 Mouer was employed by and worked for the United States Army Corps of Engineers, Middle East Division. Mouer's paychecks were drawn on the United States Treasury, in United States dol lars. Mouer received United States federal workers' benefits and raises, and he accrued United States Civil Service time while he worked abroad.
 
 
 4
 The Saudi Arabian government prepaid the United States for the work Mouer and the Corps of Engineers performed. The payments were made pursuant to agreements and treaties between the United States and Saudi Arabian governments.
 
 
 5
 Mouer's basic argument is that because the Saudi Arabian government paid the United States government for the work Mouer performed in Saudi Arabia, his income should not be construed as "paid by the United States." We reject this contention. The law is clear that United States employees performing services for the government of a foreign country are not entitled to exclude income under Sec. 911 even though the ultimate "source" of the funds received is foreign. Smith v. Commissioner, 701 F.2d 807 (9th Cir.1983) (citing, inter alia, Commissioner v. Wolfe, 361 F.2d 62 (D.C.Cir.), cert. denied, 385 U.S. 838 (1966).
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court, and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.